ROS.26171

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DEBORAH TOBIAS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **DD'S DISCOUNT,** | § | |
| **Defendant.** | § | |

### DEFENDANT'S INDEX OF DOCUMENTS

The following Exhibits are relied upon and incorporated by reference in Defendant Ross Stores, Inc.'s Notice of Removal:

1.   State Court Docket Sheet;

2.   Plaintiff's Original Petition, filed October 6, 2021;

3.   Citation on DD's Discount issued October 21, 2021, and served October 20, 2021; and

4.   Defendant's Original Answer, filed on November 15, 2021.

Respectfully submitted,

**FLETCHER, FARLEY
SHIPMAN & SALINAS, LLP**

*/s/ Fernando P. Arias*

**FERNANDO P. ARIAS**
**ATTORNEY IN CHARGE**
State Bar No. 24025946
**MEREDITH P. LIVERMORE**
State Bar No. 24096970
9201 N. Central Expressway, Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com
meredith.livermore@fletcherfarley.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 19th day of November, 2021.

*/s/ Fernando P. Arias* _____

**FERNANDO P. ARIAS**

# EXHIBIT
# "1"

## Case Information

DC-21-15123 | DEBORAH TOBIAS vs. DD'S DISCOUNT

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-21-15123 | 160th District Court | REDMOND, AIESHA |
| File Date | Case Type | Case Status |
| 10/06/2021 | OTHER PERSONAL INJURY | OPEN |

## Party

PLAINTIFF
TOBIAS, DEBORAH

Active Attorneys▼
Lead Attorney
DASPIT, JOHN ARTHUR
Retained

DEFENDANT
DD'S DISCOUNT

Address
REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

Active Attorneys▼
Lead Attorney
ARIAS, FERNANDO P.
Retained

## Events and Hearings

10/06/2021 NEW CASE FILED (OCA) - CIVIL

10/06/2021 ORIGINAL PETITION ▼

ORIGINAL PETITION

10/06/2021 REQUEST FOR SERVICE ▼

REQUEST FOR SERVICE

10/06/2021 ISSUE CITATION ▾

ISSUE CITATION-DD'S DISCOUNT

10/20/2021 CITATION▾

Served
10/20/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/21/2021

Comment
DD'S DISCOUNT

10/21/2021 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED CITATION - DD'S DISCOUNT

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION - DD'S DISCOUNT

11/15/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT-ORIGINAL ANSWER-DD'S DISCOUNT

12/28/2021 DISMISSAL FOR WANT OF PROSECUTION ▾

160th Dismissal

Judicial Officer
REDMOND, AIESHA

Hearing Time
3:00 PM

Cancel Reason
BY COURT ADMINISTRATOR

Comment
CASE FILED 10-6-21; DEFS UNSERVED

01/04/2022 Scheduling Conference ▾

160th Scheduling Conference Notice

160th Scheduling Conference Notice

Judicial Officer
REDMOND, AIESHA

Hearing Time
3:00 PM

## Financial

TOBIAS, DEBORAH

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $300.00 |
| | Total Payments and Credits | | | $300.00 |
| 10/15/2021 | Transaction Assessment | | | $300.00 |
| 10/15/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 69077-2021-DCLK | TOBIAS, DEBORAH | ($300.00) |

## Documents

ORIGINAL PETITION

REQUEST FOR SERVICE

ISSUE CITATION-DD'S DISCOUNT

AFFIDAVIT OF SERVICE - EXECUTED CITATION - DD'S DISCOUNT

160th Dismissal

DEFENDANT-ORIGINAL ANSWER-DD'S DISCOUNT

160th Scheduling Conference Notice

160th Scheduling Conference Notice

# EXHIBIT
# "2"

FILED
10/6/2021 3:52 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

DC-21-15123

**CAUSE NO. _____**

| | | |
|---|---|---|
| **DEBORAH TOBIAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **DD'S DISCOUNT** | § | |
| | § | 160th |
| *Defendant.* | § | ____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Deborah Tobias (hereinafter "Plaintiff") complains of DD's Discount (hereinafter, "Defendant DD's Discount"), and would respectfully show the Court that:

### Discovery Control Plan

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

### Statement Regarding Monetary Relief Sought

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.  Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## Parties

4.      Plaintiff is an individual residing in Dallas County, Texas.

5.      Defendant, DD's Discount is a Virginia corporation with an active right to transact business in Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## Misnomer and Alter Ego

6.      In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties names herein. Specifically, it is Plaintiff's intent to bring suit against the owners and/or operators of DD's Discount at 2106 N Galloway Ave, Mesquite, TX 75150.

## Facts

7.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about June 05, 2021. At that time, a private bus driver was loading Plaintiff's walker on a bus. The Plaintiff then turned around to enter the bus she tripped and fell due to a missing piece of concrete cement located on the Defendant's curb. As a result of Defendant's negligence, Plaintiff suffered severe injuries.

8.      At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendants either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

2

9.      Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

10.     Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

     a.  Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

     b.  Failure to inspect the premises where the dangerous condition existed;

     c.  Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

     d.  Failure to inform Plaintiff of the dangerous condition existing on the premises; and

     e.  Other acts deemed negligent.

11.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

12.     Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

**<ins>Damages</ins>**

13.     As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

14.     By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

     a.  Past and future medical expenses;

     b.  Past and future pain, suffering and mental anguish;

     c.  Past and future physical impairment;

    d.   Past and future physical disfigurement; and

    e.   Past lost wages and future loss of earning capacity.

15.    By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Jury Demand

16.    Plaintiff hereby demands a jury trial.

### Duty to Disclose

17.    Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

18.    Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendants' initial disclosures at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's responses.

### Rule 193.7 Notice

19.    Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

**Prayer**

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Erin Milliken___*
Erin Milliken
Texas State Bar No. 24121464
1200 Summit Avenue, Suite 540
Fort Worth, Texas 76102
Telephone: (817) 618-3850
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com
**ATTORNEY FOR PLAINTIFF**

# EXHIBIT
# "3"



**ESERVE**

**CITATION**

DC-21-15123

**DEBORAH TOBIAS**
vs.
**DD'S DISCOUNT**

ISSUED THIS
**20th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CHRISTI UNDERWOOD, Deputy

**Attorney for Plaintiff**
**JOHN ARTHUR DASPIT**
THE DASPIT LAW FIRM
440 LOUISIANA ST
STE 1400
HOUSTON TX 77002
713-322-4878
e-service@daspitlaw.com

DALLAS COUNTY
SERVICE FEES
NOT PAID

Mauricio Segovia
PSC1689 Expires 8/31/2022
2021/10/20 12:49:58

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **DD'S DISCOUNT**
      **REGISTERED AGENT CT CORPORATION SYSTEM**
      **1999 BRYAN ST STE 900**
      **DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEBORAH TOBIAS**

Filed in said Court **6th day of October, 2021** against

**DD'S DISCOUNT**

For Suit, said suit being numbered **DC-21-15123**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 20th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
       CHRISTI UNDERWOOD

# OFFICER'S RETURN

Case No. : DC-21-15123

Court No. 160th District Court

Style: DEBORAH TOBIAS

vs.

DDS DISCOUNT

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named _____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation    $ _____

For mileage    $ _____    of _____ County, _____

For Notary    $ _____    By _____

_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____ _____

Notary Public _____ County

FILED
10/21/2021 8:40 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

## CAUSE NO. DC-21-15123

| | | |
|---|---|---|
| **DEBORAH TOBIAS** | § | **IN THE COURT OF** |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **DD'S DISCOUNT** | § | |
| Defendant. | § | **IN THE DISTRICT COURT, 160TH JUDICIAL DISTRICT** |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Oct 20, 2021, 7:45 am,**

### CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3123** within the county of **DALLAS** at **12:49 PM** on **Wed, Oct 20 2021**, by delivering a true copy to the within named

### DD'S DISCOUNT, BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM
### accepted by Intake Specialist: George Martinez

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
**Certification Expiration: 8/31/2022**

**BEFORE ME,** a Notary Public, on this day personally appeared **Mauricio Segovia**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON  10/20/21

Notary Public, State of Texas

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025

# EXHIBIT
# "4"

FILED
11/15/2021 12:42 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Rhonda Burks DEPUTY

ROS.26171

## CAUSE NO. DC-21-15123

| | | |
|---|---|---|
| **DEBORAH TOBIAS,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **DD'S DISCOUNT,** | § | |
| **Defendants.** | § | **160th JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant **DD'S DISCOUNT** now comes and files its Original Answer to Plaintiff's Original Petition.  In support of same, Defendant would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.

Defendant would further show that the occurrence which forms the basis of Plaintiff's lawsuit was caused by persons or entities other than Defendant and was caused by other persons or entities over whom Defendant had no control, or for whose actions Defendant is not responsible.

### III.

Pleading further, in the alternative, and by way of affirmative defense, Defendant would show that the condition of which Plaintiff complains was open and obvious or was a condition of which Plaintiff had actual or constructive knowledge.  Because Plaintiff was aware or should

have been aware of the alleged dangerous condition, the condition did not pose an unreasonable risk and Defendant owed no duty to Plaintiff to warn of the alleged condition or make such condition safe.

## IV.

Pleading further, in the event that Defendant is found to be liable to Plaintiff under any theory of negligence or other cause of action under law, Defendant asserts the doctrine of comparative causation as provided under Texas law, requiring that the harm caused by the negligence of Plaintiff be compared by the trier of fact with the harm, if any, caused by the alleged negligence of Defendant.  For further answer, and in the alternative, Defendant alleges that Plaintiff's claims are barred or reduced due to the negligence of Plaintiff, which contributed to or proximately caused the injuries and damages alleged by Plaintiff in Plaintiff's Original Petition.  Defendant, therefore, would respectfully request that the trier of fact consider Plaintiff's own negligence in the determination of facts and apportionment of liability in this matter.

## V.

In the event that Defendant is found to be liable to Plaintiff and in the event that Plaintiff's injuries are found to have been caused by the accident made the basis of this lawsuit, Defendant pleads that Plaintiff's recovery of medical and health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.  TEXAS CIVIL PRACTICE & REMEDIES CODE §41.015.

## VI.

Pleading further, Defendant seeks the application of Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Specifically, Defendant maintains that Plaintiff, "if seeking recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value

and/or loss of inheritance, must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal Income Tax Law."

## VII.
## JURY DEMAND

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.  Simultaneously with the filing of this demand, a jury fee is being paid on behalf of Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff takes nothing by this suit, that Defendant be awarded its costs, and for such other and further relief, both general and special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY**
**SHIPMAN & SALINAS, LLP**

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
State Bar No. 24025946
**MEREDITH P. LIVERMORE**
State Bar No. 24096970
9201 N. Central Expwy., Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com
meredith.livermore@fletcherfarley.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied, hand delivered, or electronically transmitted to all attorneys of record in this cause of action, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on the 15th day of November, 2021.

*/s/ Fernando P. Arias*

**FERNANDO P. ARIAS**